IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

HULLA J. NEWSOM                                                      PLAINTIFF

V.                                      CIVIL ACTION NO. 2:01CV225-B-A

KMART OF MICHIGAN, INC.                                      DEFENDANT

**<u>ORDER</u>**

      This cause comes before the court upon the defendant's motion to dismiss. Upon due consideration of the motion, response, exhibits, and supporting and opposing authority and upon hearing the oral arguments of each party against or in favor of the motion, the court finds that the motion is not well-taken and shall be denied.

      The plaintiff's personal injury claim was filed on October 31, 2001, prior to the defendant's filing for Chapter 11 bankruptcy on January 22, 2002. It is undisputed that the plaintiff complied with all procedures required by the bankruptcy court in order to preserve her claim until the defendant filed its Twenty-First Omnibus Objection to the plaintiff's claim on February 2, 2004. The plaintiff did not object to the Omnibus Objection, and the bankruptcy court entered an order granting it on April 1, 2004. The Omnibus Objection proposed to "reclassify" the plaintiff's claim from $0.00 to $0.00. The plaintiff argues that her failure to object was based on the assumption that the Omnibus Objection had no effect on her claim. The defendant contends, however, that the plaintiff's failure to object coupled with the bankruptcy court's subsequent entry of the order approving the Omnibus Objection requires the dismissal of the plaintiff's claim. This court disagrees.

      Bankruptcy judges may hear all core proceedings arising under title 11. 28 U.S.C. § 157(b)(1). Core proceedings include "estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 **but not the liquidation or estimation of**

**contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11**." 28 U.S.C. § 157(b)(2)(B) (emphasis added). This court is of the opinion that the bankruptcy court's order approving the defendant's reclassification of the plaintiff's claim from $0.00 to $0.00 conflicts with the above-cited statute. The court, therefore, declares that order void as it applies to the plaintiff in the case sub judice. The court finds that the defendant's motion to dismiss should be denied, and the plaintiff should be allowed to proceed with her case.

It is, therefore, **ORDERED AND ADJUDGED** that the defendant's motion to dismiss is **DENIED**.

This, the 8th day of June, 2005.

/s/ Neal Biggers
_____
**NEAL B. BIGGERS, JR.
SENIOR U.S. DISTRICT JUDGE**